**Sean Patrick WARD, Petitioner— Appellant,**

v.

**Terry GODDARD; Charles Ryan; Charles Ryan, Respondents— Appellees.**

**No. 10–17481.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 27, 2012.

Filed July 23, 2012.

Sarah Roshanne Anchors, Esquire, Isaac M. Gabriel, Quarles & Brady, LLP, Phoenix, AZ, for Petitioner–Appellant.

Robert Anthony Walsh, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Respondents–Appellees.

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

MEMORANDUM *

Petitioner Sean Patrick Ward appeals the district court's denial of his 28 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided

§ 2254 petition for habeas corpus. He raises one certified issue and several uncertified issues.

Ward argues first that the prosecutor made three remarks during closing argument that constituted prosecutorial misconduct and resulted in a denial of due process. We may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The state court's decision was neither. The misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)) (internal quotation marks omitted). The first remark was merely a criticism of the defense strategy and an admonition to consider all of the evidence, which is not improper. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir.1997) ("Criticism of defense theories and tactics is a proper subject of closing argument."). The third remark may have constituted improper vouching of the prosecutor for the strength of the government's case, *see United States v. Sanchez*, 176 F.3d 1214, 1224 (9th Cir.1999), but any harmful effect was lessened by: the phrasing of the remark as a submission for the jury's consideration, *see United States v. Weatherspoon,* 410 F.3d 1142, 1147 n. 3 (9th Cir.2005); the discussion of the trial evidence in connection with the remark, *see United States v. Young*, 470 U.S. 1, 19, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); and the defense attorney's own comments, *see United States v. Robinson*, 485 U.S. 25, 32–33, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988). The second remark may have been improper vouching

and an improper denigration of the defense. *See Sanchez,* 176 F.3d at 1224. But this stray remark did not necessarily infect the trial with unfairness. *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). At the very least, there is much room for disagreement among fairminded jurists over whether it did, which prevents us from granting habeas corpus relief. *See Renico v. Lett,* —— U.S. ——, ——, 130 S.Ct. 1855, 1864, 176 L.Ed.2d 678 (2010)

We find Ward's arguments with regard to the uncertified issues to be without merit, and we decline to certify them.

AFFIRMED.